**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leigh Christina MIGUEL, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Norman Jeremiah Johnson, Defendant—Appellant.**

**Nos. 03–10217, 03–10218.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Jan. 21, 2004.

Serra Marie Tsethlikai, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Harriette P. Levitt, Esq., Tucson, AZ, Rubin Salter, Jr., Esq., Law Office of Rubin Salter Jr., Tucson, AZ, for Defendant–Appellant.

BEFORE: O'SCANNLAIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

Defendant–Appellants Leigh Miguel and Norman Johnson appeal their judgments and sentences entered upon their guilty pleas to one count of conspiracy to transport illegal aliens for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(B)(i); three counts of transportation of an illegal alien for financial gain and placing in jeopardy the life of an alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), (a)(1)(B)(iii); and two counts of transportation of an illegal alien for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). They contend that the stop of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

their vehicle was illegal and that the district court erred in enhancing their sentences based on (1) intentional or reckless creation of a substantial risk of death or serious bodily harm,[1] (2) actual bodily injury to one of the aliens and (3) vulnerability of the victims. We affirm the judgments and the sentences. Because the parties are familiar with the facts, we discuss the facts only as they are necessary to explain our disposition.

## I.

▮ Deputies Schilb and Renteria of the Pima County Sheriff's Department made a legal traffic stop. They correctly understood that driving an unregistered vehicle is a violation of Arizona law. See Ariz. Rev.Stat. § 28–2153 (2003). They were also correct in believing that vehicle registrations could expire mid-month. See, e.g., Ariz.Rev.Stat. § 28–2159 (2003); Ariz. Admin. Code § R17–4–304(D)(1) (2003). Even if the deputies were mistaken in believing that Miguel's vehicle registration had expired, it would have been a mistake of fact based on a computer error. See United States v. Dorais, 241 F.3d 1124, 1131 (9th Cir.2001). Furthermore, the deputies' belief in this mistaken fact was reasonable and in good faith because it was possible for vehicle registrations to expire on the 15th. See United States v. Twilley, 222 F.3d 1092, 1096 n. 1 (9th Cir.2000). Consequently, the deputies had reasonable suspicion to stop the vehicle based on their factually erroneous but reasonable belief. See United States v. King, 244 F.3d 736, 739 (9th Cir.2001).

## II.

▮ The district court did not err in enhancing Miguel's and Johnson's sentences. First, the enhancement under Section 2L1.1(b)(5) was proper because "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(5). Even though the aliens were not enclosed in an airtight area and could have extricated themselves from the trunk of the car because the back seat was down, see United States v. Dixon, 201 F.3d 1223, 1233 (9th Cir.2000), Miguel's vehicle was carrying more passengers than its rated capacity, and the children were lying down on top of the back seat without any restraints, thus creating a substantial risk of death or serious bodily injury. See United States v. Angwin, 271 F.3d 786, 809 (9th Cir.2001).

▮ Second, the district court's finding that one of the aliens, a five-year-old boy, "sustained bodily injury" was not clearly erroneous. U.S.S.G. § 2L1.1(b)(6). The boy's unconscious state when he was discovered by authorities is the type of injury "for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, app. note 1(b). Even if the boy's injury was caused in part from walking through the desert before Johnson and Miguel put him in the car, they are accountable as co-conspirators for the boy's injuries sustained in the course of their conspiracy to transport illegal aliens.

▮ Third, Miguel and Johnson knew or should have known that the young children were "unusually vulnerable due to age." U.S.S.G. § 3A1.1(b)(1), app. note 2. Young children may be more vulnerable to illegal transportation because they do not appreciate the danger involved or are too frightened to assert themselves. These particular children were vulnerable. For

---

**1.** Only Miguel appeals this enhancement. Pursuant to his plea agreement, Johnson does not.

instance, they obediently climbed in the trunk when Johnson put the back seat down, and despite the temperature in the trunk, they did not ask for any water even though Miguel had a bottle of water in the front of the car. Furthermore, the defendants did not need to target young children for the enhancement to apply; Section 3A1.1(b)(1) only requires that they should have known that the young children were vulnerable. *See United States v. O'Brien,* 50 F.3d 751, 755 (9th Cir.1994).

**AFFIRMED.**